

Decided February 5, 1986

464

FILED

86 FEB 5 P 2: 11

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

WILLIAM NABORS, ESTEVEN M. KING,)     CIVIL ACTION ÑO. 85-600
and DAVID CING,                  )
                                 )
          Plaintiffs,            )
                                 )
     vs.                         )              ORDER
                                 )     DISMISSING COMPLAINT
HERMAN MANGLONA, MANUEL P.       )
VILLAGOMEZ, HOWARD I. MACARANAS,)
and IGNACIO QUICHOCHO,           )
                                 )
          Defendants.            )
_____)

Defendants' motions came on for hearing on February 3, 1986.

### I.  MOTION TO STRIKE

For the reasons stated on the record this motion is denied.
It appears to the court that the complaint filed with this court
is substantially the same as that filed with the Board of
Elections and this is in compliance with 1 CMC § 6430. What the
plaintiffs have done in the complaint before this court is to
withdraw any allegations of bribery or rewards and intimidation,
harassment, coercion and threats which were found in their Board
of Elections complaint.  This, of course, reduces the grounds the
defendants must meet and they are not prejudiced by the
simplification of the issues.

II.  MOTION TO DISMISS AND OTHER MOTIONS FILED BY DEFENDANTS

In approaching this motion, the court will presume that the well pleaded facts in the complaint are true.

Basically, it is alleged that a scheme was devised so that code names by voters would be inserted as write-in candidates on ballots and in this way certain party members could ascertain if the voters voted and if they voted the party line.

Plaintiff bases this election contest on 1 CMC § 6421(b), (c) and (d).  Plaintiffs contend that the ballots in question should be considered void because they have special code names used as distinguishing marks to identify the voters casting the ballots and that the Board of Elections knew this and allowed a representative of the defendants to identify the ballots by the use of the code names. (Plaintiffs' Response to Motions, ¶s 4-5).

It is defendants' position that none of these sub-sections provide a ground for an election contest.

Since 1 CMC § 6421 provides the jurisdiction for this court to proceed to entertain an election contest pursuant to 1 CMC § 6430, the court must determine if the facts as alleged by plaintiffs provide a basis for this court to proceed.  As pointed out by counsel, election contest statutes are strictly construed and unless the jurisdictional facts appear on the face of the proceedings, the court is powerless to entertain such a proceeding.  26 AmJur2d, Elections, § 318.

DOES 1 CMC §6421(b) PROVIDE A BASIS FOR PLAINTIFFS' ELECTION CONTEST?

Section 6421(b) reads:

>            (b)  The candidate has given to an
>    election official a bribe or reward, or

466

has offered a bribe or reward for the
purpose of procuring his election, or
has committed any offense against this
Act;

As noted above, the plaintiffs concede in their brief and at argument that they do not contend that the defendant-candidates offered bribes or rewards to election officials or to voters to procure their election. Therefore, for the purposes of this motion, § 6421(b) may be simplified to read: "The candidate . . . has committed any offense against this Act."

Essentially, the plaintiffs claim the representatives of the defendant-candidates conspired with others to insert the code names on the ballot and therefore violated the secrecy of the ballot as prescribed by 1 CMC §6411(a).

This sub-section reads:

(a) Each qualified voter has a
right to cast a secret ballot in
private. The Board shall set up voting
places to guarantee that each voter may
vote in private.

There is no question or issue raised as to the manner each voter voted. It is not claimed that the voters were not provided a private voting booth as provided by Part IV of the Rules and Regulations of the Board of Elections.[1]

The most that can be gleaned from or attributed to plaintiffs' complaint is that the concerned voters <u>voluntarily</u>

---

[1] Part IV provides for the manner a voter checks in at the polling place, obtains a ballot and votes in a private booth. He or she is given five minutes to mark the ballot and return it to the ballot box. Part IV(b) provides the procedure for a voter to write-in a candidate for an office.

wrote in a code name on their respective ballots so that they could be identified at the tabulation process. This does not violate 1 CMC § 6411(a). There is nothing alleged by the plaintiffs to show that the voters were not given the right to cast their ballots in secret. What is alleged is that in casting their ballots they agreed to divulge their identity through the use of the code names. The privilege of a voter to indicate who he or she voted for is not the same as affording the voter the right to cast a secret ballot. The latter was done here.

Plaintiffs also argue that 1 CMC §6415(b) has been violated. This sub-section reads:

> (b)  At any election, any ballot which is not marked as provided by law shall be void, but the ballot shall be preserved and returned with the other ballots.

Again, the facts as alleged do not cause this subsection to come into play. A voter has the specific right to write-in a candidate's name, albeit, in this case, for a spurious reason.

DOES 1 CMC § 6421(c) PROVIDE A BASIS FOR PLAINTIFFS' ELECTION CONTEST?

Subsection (c) provides that a voter may contest the election if "Illegal votes were cast;"

To support this claim, the plaintiffs point again to 1 CMC § 6415(b) and to 1 CMC § 6423(c).

The election statutes of the Commonwealth do not define what an illegal vote is nor are the rules and regulations of the Board

468

of Elections enlightening on the subject except to say that ballots with profane or vulgar words on the ballot will not be counted.

The defendants have referred the court to 26 AmJur2d, Elections, § 375 for guidance and suffice to say there are no cases found there which hold that the coded ballots in this case would be "illegal." Illegal ballots are generally held to be ones where the person who casts a ballot is not qualified to vote or a person votes twice and the like.

The question to be answered here is whether a ballot is invalid because a voter voluntarily places a distinguishing mark on it for the purpose of subsequent identification.

To preserve secrecy in voting, many jurisdictions have statutes relating to the size, color and form of the ballot, and the precise manner in which it shall be printed. 26 AmJur2d, Elections, § 205. The election statutes of the Commonwealth do not do this nor are there specifications for the ballot in the rules and regulations of the Board of Elections.

To preserve and safeguard the purity of elections, the Commonwealth Constitution, Article VIII, Section 3, provides that legislators may provide for secrecy in voting. As noted above, 1 CMC § 6411(a) provides this. Some legislatures have become so careful in providing for secrecy that statutes are enacted to prohibit the voter from marking his or her ballot in any way for subsequent identification and these statutes have been upheld by the courts. 26 AmJur2d, Elections, § 263. The Commonwealth

469

election laws provide no such prohibition. Indeed, 1 CMC §6415(d) provides that "...a ballot may not be rejected for any error which does not render it impossible to determine the voter's choice even though the ballot has been severely soiled or defaced."

1 CMC § 6415(e) further provides:

> (e) If a voter indicates the choice of more candidates than there are offices to be filled or if for any reason it is impossible to determine the voter's choice for any office, the ballot may not be counted for that office. The rest of the ballot, if properly marked, shall be counted.

Simply stated, there are no provisions in the Constitution, law or rules and regulations that state a distinguishing mark voluntarily placed on a ballot by a qualified voter is an illegal vote. To the contrary, it appears that such ballot or ballots must be counted by the tabulators.

The plaintiffs have expressly withdrawn any claim that any voters were threatened, intimidated or coerced to vote as they did. Once it is conceded that the votes cast were of the voters' own free will and in secrecy the rights granted by the Constitution and law were preserved.

Under the present state of the law in the Commonwealth, it cannot be concluded that the contested ballots are illegal.

DOES 1 CMC § 6421(d) PROVIDE A BASIS FOR PLAINTIFFS' ELECTION CONTEST?

The subsection reads:

> (d) The Board in the conduct. of election or tabulation of votes made

> errors sufficient to change the result
> of the election as to any person who has
> been declared elected.

The thrust of plaintiff's argument is that the election officials tabulating the ballots were aware of the fact of the coded ballots and knew that someone was present (albeit legally) to monitor the coded ballots.

As pointed out by the defendants, there is no allegation that the Board of Elections made errors in the conduct of the election or improperly added the votes or made arithmetical errors. As seen above, 1 CMC § 6415(d) and (e) requires the Board to count the contested ballots. § 6421(d) does not apply to the facts alleged.

The plaintiffs have not demonstrated to the satisfaction of the court that their allegations in their complaint support the basis of an election contest as allowed by 1 CMC § 6421.[2]

This does not mean to say that the scheme of coded ballots, if it did occur, does not disturb the court.

The process of allowing such a scheme is dangerous to say the least. Alternatives do exist however such as the criminal provisions of 1 CMC § 6501, et seq., and Public Law 5-58 if applicable. If not, the legislature can enact remedial legislation such as noted above.

---

[2] Plaintiffs also claim that the Writ of Prohibition granted in Civil Action 85-566 is res judicata. Neither is that proceeding the law of this case nor is it res judicata in any sense. Additionally, and as noted above, the complaint presented to the Board of Elections contained allegations of bribery, rewards, intimidation, threats and the like.

471

What is held today is that under the existing law the court has no authority or jurisdiction to entertain the plaintiffs' election contest as presented in their complaint.

Defendants' motion to dismiss plaintiffs' complaint is granted.

Dated at Saipan, CM, this 5th day of February, 1986.

_____
Robert A. Hefner, Chief Judge